UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KOUBALL, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.,<br><br>Defendant. | Case No.: 20-cv-870-CAB-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 12] |

This matter is before the Court on a motion to dismiss Plaintiff's complaint filed by Defendant SeaWorld Parks & Entertainment, Inc. ("SeaWorld"). [Doc. No. 12.] The Court held a telephonic hearing on September 9, 2020. For the reasons set forth below, the Court grants SeaWorld's motion to dismiss.

**I.   BACKGROUND**

Plaintiff Lisa Kouball filed this putative consumer class action complaint against Defendant SeaWorld on May 8, 2020. [Doc. No. 1.] The complaint asserts claims for: (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (3) violation of California's False Advertising Law ("FAL"),

Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (4) breach of contract; (5) unjust enrichment; and (6) money had and received. [*Id.*]

SeaWorld operates several amusement parks and water parks throughout the United States, with locations in San Diego, Orlando, and San Antonio. [*Id.* at ¶ 6.[1]] Plaintiff alleges SeaWorld offers annual passes that allow its customers to access its parks on an unlimited basis. [*Id.*] Plaintiff purchased four annual passes for SeaWorld's San Diego location for which she is charged a total of $48.99 per month. [*Id.* at ¶ 10.] In March of 2020, SeaWorld closed all its parks due to the COVID-19 pandemic. [*Id.* at ¶ 8.] On approximately April 23, 2020, Plaintiff was charged the full amount of her monthly payment of $48.99 for her annual passes even though Plaintiff did not have access to SeaWorld's parks due to the closure. [*Id.* at ¶ 10.] Plaintiff alleges she "signed up for [SeaWorld's] annual membership passes with the belief and on the basis that he [*sic*] would have access to SeaWorld San Diego amusement park at any time during the month in which she was charged." [*Id.*] Plaintiff further alleges she would not have paid for the membership had she known that she would not have access to the park and that SeaWorld continues charging its customers monthly fees while the parks remain closed. [*Id.*]

Plaintiff seeks to represent a Nationwide class and California subclass of all persons who were charged annual membership fees for a period in which SeaWorld's parks were closed. [*Id.* at ¶ 12.] SeaWorld moved to dismiss the complaint on July 1, 2020. [Doc. No. 12.]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden of establishing that the court has subject matter jurisdiction over an action. *Assoc. of Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000). In a class action at least one

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

of the named plaintiffs must meet the Article III standing requirements. *Bates v. United Parcel Servs., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007). Article III requires that: "(1) at least one named plaintiff suffered an injury in fact, (2) the injury is fairly traceable to the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quotation marks and citation omitted).

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. "Determining whether a complaint states a plausible

claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Because Plaintiff's claims are all grounded in fraud, the complaint must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) which provides: "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The pleader must "identify the who, what, when, where, and how of the misconduct charged, as well as what is misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). These heightened pleading requirements apply equally to any claims based on UCL, FAL and CLRA claims which ground in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

### III. DISCUSSION

SeaWorld moves to dismiss on the grounds that Plaintiff fails to plead all of her claims with the required specificity under Federal Rules of Civil Procedure 8(a) and 9(b), fails to state each of her claims as a matter of law, and lacks standing to seek injunctive relief.

#### A. Standing

SeaWorld argues that because Plaintiff failed to allege exposure to, or reliance on, any specific statement by SeaWorld, she has failed to allege standing to pursue her CLRA, UCL, and FAL claims. "[T]to have standing to bring a UCL, FAL, or CLRA claim, Plaintiffs must plead that they relied on the misleading materials." *Bronson v. Johnson & Johnson, Inc.*, No. C 12–04184 CRB, 2013 WL 1629191, at *2 (N.D. Cal. Apr. 16, 2013); *see also Davidson v. Kimberly–Clark Corp.*, No. C 14–1783 PJH, 2014 WL 3919857, at *9 (N.D. Cal. Aug. 8, 2014) ("[T]o maintain a claim under the FAL and CLRA, as well as under any UCL claim premised on fraud or misrepresentation, a plaintiff must plead facts showing that she relied on the defendant's alleged misrepresentation."); *see also Cohen v. DIRECTV, Inc.*, 178 Cal.App. 4th 966, 980 (Cal. Ct. App. 2009) ("[W]e do not understand

the UCL to authorize an award for injunctive relief and/or restitution on behalf of a consumer who was never exposed in any way to an allegedly wrongful business practice.").

Thus, "in a false advertising case, plaintiffs meet this requirement if they show that, by relying on a misrepresentation . . . they 'paid more for a product than they otherwise would have paid, or bought it when they otherwise would not have done so.'" *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1104 n.3, 1108 (9th Cir. 2013)); *see also Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 322 (2011) (holding that in a UCL case, to establish standing, "a party must . . . (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim.") (emphasis in original).[2] Put differently, "a UCL fraud plaintiff must allege he or she was motivated to act or refrain from action based on the truth or falsity of a defendant's statement . . ." *Kwikset*, 51 Cal. 4th 310, 327 n.10.

### 1. Affirmative Misrepresentations

Plaintiff argues she specifically alleged that "she signed up for Defendant's annual membership passes with the belief and on the basis that [s]he would have access to SeaWorld San Diego amusement park at any time during the month in which she was charged [and] would not have paid for the membership, or would not have paid for it on the same terms, had she known that she would not have access to Defendant's amusement park." [Doc. No. 1 at ¶ 10.] Plaintiff's allegations fail to identify any statement made by

---

[2] *See also Moore v. Apple, Inc.*, 73 F.Supp.3d 1191, 1200 (N.D. Cal.2014) ("[T]he Court has consistently required allegations of actual reliance and injury at the pleading stage for claims under all three prongs of the UCL where such claims are premised on misrepresentations."); *Williamson v. Apple, Inc.*, No. 5:11–CV–00377 EJD, 2012 WL 3835104, at *4 (N.D. Cal. Sept. 4, 2012) ("[A] plaintiff asserting a CLRA claim which sounds in fraud must establish reliance and causation."); *Cattie v. Wal–Mart Stores, Inc.*, 504 F.Supp.2d 939, 946 (S.D. Cal.2007) ("California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation.").

SeaWorld, which Plaintiff relied on, proclaiming the alleged "unlimited access" to its parks. Instead, Plaintiff admits that the only thing she actually relied on was her own subjective belief that she would have unlimited access to the parks. This alone is insufficient under any pleading standard, let alone the heightened pleading standards of Rule 9(b), to allege actual reliance on an affirmative misrepresentation. Plaintiff's citation to *Hendricks v. StarKist, Co.*, 30 F. Supp. 3d 917, 923-24 (N.D. Cal. 2014), only highlights this issue. In *StarKist*, the plaintiff alleged he purchased a 5-ounce can of StarKist Tuna, relied on the packaging in purchasing the product, and identified *specific* claims or statements made on the packaging. Here, Plaintiff merely provides vague and general allegations. The complaint does not identify when and where she purchased the annual membership passes, nor does it identify any specific statement that SeaWorld made that she read, viewed, or heard, that led her to a belief that she would have unlimited access to the parks. Accordingly, to the extent Plaintiff's CLRA, UCL, and FAL claims are based on affirmative misrepresentations by SeaWorld, Plaintiff's claims are **DISMISSED without prejudice** for lack of standing.

### 2. Omissions

Under California law, an essential element for a fraudulent omission claim is actual reliance. *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (citing *In re Tobacco II Cases*, 46 Cal. 4th 298 (2009)). As with affirmative misrepresentations, "[t]o prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct." *Id*. In other words, "a plaintiff must show that had the omitted information been disclosed, one would have been aware of it and behaved differently." *Sanchez v. Wal Mart Stores, Inc.*, No. CIV206CV02573JAMKJM, 2009 WL 2971553, at *2 (E.D. Cal. Sept. 11, 2009) (internal quotation marks omitted).

As discussed above, Plaintiff does not allege that she read, viewed, or heard anything when making her purchase of the annual membership passes. While Plaintiff alleges that she "would not have paid for the membership, or would not have paid for it on the same

terms, had she known that she would not have access to Defendant's amusement park" [Doc. No. 1 at ¶ 10], Plaintiff also alleges that the only thing she relied on when making her purchase was her own subjective belief. Thus, regardless of what she alleges should have been disclosed, it would not have made a difference as she relied solely on her own beliefs. Plaintiff does not identify she actually viewed or relied on anything SeaWorld said, and therefore the complaint fails to show how if any omitted information had been disclosed, Plaintiff would have acted any differently when she manifested her own beliefs on the idea of unlimited access.

Even if Plaintiff had adequately alleged standing for claims based on an omission, SeaWorld also argues that Plaintiff failed to allege a duty to disclose any purported omission. "The elements of a cause of action for fraud in California are (a) misrepresentation (false representation, concealment, or nondisclosure): (b) knowledge or falsity (or scienter): (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012). Under California law, an allegedly fraudulent omission is actionable only if the omission is "contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co.*, 144. App. 4th 824, 835 (2006). "California courts have generally rejected a broad obligation to disclose." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). "[U]nder the CLRA, plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Id*. at 1145. The same is true for a claim under the UCL. *Id*. (allegation of knowledge at the time of sale required). Similarly, a plaintiff bringing a claim under the FAL must allege sufficient facts to show that a defendant knew, or should reasonably have known, the false or misleading statements were false when they were made. *Punian v. Gillette*, No. 14–cv–5028–LHK, 2015 WL 4967535, at * 9 (N.D. Cal. Aug. 20, 2015).

Plaintiff's theory for a fraudulent omission claim is that SeaWorld failed to disclose that it would continue charging annual passholders while the parks were closed and that

only SeaWorld was privy to this fact. Plaintiff failed to allege SeaWorld knew or should have known, of the existence of any material fact that it should have disclosed. SeaWorld, like the rest of the world, would not have been aware it would need to temporarily close its parks due to an unprecedented global pandemic. Moreover, such temporary closures were likely required under state or local orders and the decision on how to charge customers or provide other relief would be dependent on the agreements between them. Accordingly, to the extent Plaintiff's CLRA, UCL, and FAL claims are based on an omission by SeaWorld, Plaintiff's claims are **DISMISSED without prejudice** for lack of standing and failure to allege a duty to disclose any purported omission.

### B. Specific Statement under CLRA, UCL, and FAL Claims

Even if Plaintiff adequately alleged actual reliance on a misrepresentation or omission to establish standing, SeaWorld contends Plaintiff's CLRA, UCL, and FAL claims still fail because the complaint does not identify with sufficient particularity any statement or purported omission by SeaWorld. SeaWorld argues the complaint instead contains vague allegations which are insufficient under Rule 9(b). Rule 9(b) requires that Plaintiff allege "the who, what, when, where, and how" of the misrepresentations or omissions at issue. *Kearns*, 567 F.3d at 1124.

As discussed above, the complaint does not identify any statement SeaWorld made that Plaintiff relied on and centers around Plaintiff's subjective belief about unlimited access to the park. This is insufficient under the liberal pleading standards let alone the heightened pleading standards under Rule 9(b). In her opposition, Plaintiff attempts to show the who, what, when, where, and how, from the complaint, but it falls short. To be sufficient, Plaintiff needs to allege what specific statements SeaWorld made, when and where it made it, and why the statements are false. As for the representation of "unlimited" access, the complaint does not provide where or in what context SeaWorld made this statement. Plaintiff only includes a footnote cite to SeaWorld's website where under

various annual pass options it states, "unlimited admission."[3]  The complaint does not allege Plaintiff ever relied on the website or this statement from the website when she purchased the passes.  Moreover, under each annual pass option it also states, "Restrictions may apply. . . hours and services are subject to change or cancellation without prior notice."  Therefore, by agreeing to purchase the annual pass Plaintiff would have agreed to the above allowing for a temporary closure without notice.  Beyond this footnote cite to SeaWorld's website, the complaint fails to identify what SeaWorld said, where and when it said it, or how it is false.  Nor does the complaint include any facts on when and where Plaintiff purchased the passes.  Accordingly, Plaintiff's CLRA, UCL, and FAL claims based on affirmative misrepresentations are **DISMISSED without prejudice** for failure to state a claim.

### C. Application of the CLRA

The CLRA prohibits practices "undertaken . . . in a transaction . . . which results in the sale or lease of goods or services." Cal. Civ. Code § 1770(a).  The CLRA:

> defines "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real property, whether or not severable from the real property." (Civ. Code, § 1761, subd. (a).)  It defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." (Id., § 1761, subd. (b).)

*Fairbanks v. Superior Court*, 46 Cal. 4th 56, 60–61 (2009).

As the parties are aware, this Court previously held in *Hall v. SeaWorld Ent., Inc.*, Case No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015), that "to

---

[3] https://seaworld.com/san-diego/annual-pass/

hold that the tickets, or more specifically the admission to the parks that the tickets provide, constitute a service requires a strained and unnatural construction of the term" services. *Id.* at \*15. Plaintiff argues the Court should instead rely on *Anderson v. SeaWorld Parks and Ent., Inc.*, 2016 WL 8929295 (N.D. Cal. Nov. 7, 2016), where the court disagreed and held "the term 'services' encompasses the 'educational and entertainment services'" the plaintiff alleged she purchased from SeaWorld. *Id.* at \*12.

The Court is not persuaded and declines to construe the term services in this broad fashion. Instead the Court continues to follow the reasoning by the California Supreme Court in *Fairbanks*, that "[r]ather than applying to all businesses, or to business transactions in general, the Consumers Legal Remedies Act applies only to transactions for the sale or lease of consumer 'goods' or 'services' as those terms are defined in the act." 46 Cal. 4th at 65. Here, the annual passes merely allow access to SeaWorld's parks, and do not qualify as "services" in the Court's view. *Cf. Kissling v. Wyndham Vacation Resorts, Inc.*, No. 15–CV–04004–EMC, 2015 WL 7283038, at \*5 (N.D. Cal. Nov. 18, 2015) (holding that "timeshare points do not fall under the CLRA's definition of 'goods' or 'services.'"); *Wixon v. Wyndham Resort Dev. Corp.*, No. C07–02361 JSW, 2008 WL 1777590, at \*4 (N.D. Cal. Apr. 18, 2008) (holding that timeshare credits which provide "a vacation license, the right to use, occupy and enjoy . . . properties" do not qualify as services). Accordingly, Plaintiff's CLRA claims are **DISMISSED with prejudice**. Likewise, Plaintiffs' UCL claims, to the extent they are premised on a violation of the CLRA, are also **DISMISSED with prejudice**. *Silcox v. State Farm Mut. Auto. Ins. Co.*, No. 14CV2345 AJB MDD, 2014 WL 7335741, at \*5 (S.D. Cal. Dec. 22, 2014) ("Where a plaintiff cannot state a claim under the "borrowed" law, she cannot state a UCL claim either.").

### D. Injunctive Relief

SeaWorld contends Plaintiff has not established standing for injunctive relief. Plaintiff argues she alleged she continues to be charged without access to the parks and therefore faces an actual and imminent harm.

To establish standing for injunctive relief, Plaintiff must "demonstrate that [she] has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that [she] will again be wronged in a similar way." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal quotations omitted). Here, although Plaintiff does not allege that she plans to repurchase the pass, she alleges she continues to face imminent harm because she continues to be charged while the parks are closed. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (holding that a deceived consumer may have standing to sue for injunctive relief based on allegedly false advertising, but the consumer must still establish the threat of actual and imminent injury). However, because Plaintiff fails to allege any facts on when she purchased the pass, when the pass is set to expire, coupled with the fact that the park may have re-opened since the complaint, the threat of actual and imminent harm remains speculative. Accordingly, without further information, Plaintiff's claims for injunctive relief are **DISMISSED without prejudice**.

### E. Breach of Contract

"The elements for a breach of contract claim are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages." *Castro v. Wells Fargo Bank, N.A.*, No. CV 12-2393 RSWL AGRX, 2012 WL 2077294, at *1 (C.D. Cal. June 6, 2012).

Here, Plaintiff has alleged the existence of a contract with SeaWorld and performance, via her purchase of the annual passes. However, Plaintiff's allegations on the substance of the terms of the contract remain vague and conclusory. As discussed above, Plaintiff purchased the annual passes with a belief she would have unlimited access to the parks. Yet, Plaintiff does not support this belief with any sufficient factual support. Instead, the website citation that Plaintiff provided contained terms that would dispute her allegation. While it is not necessary to attach a contract for a plausible breach of contract claim, it would provide a means for Plaintiff to bolster the factual support behind her breach

on contract claim in this instance to identify a plausible breach.  Accordingly, Plaintiff's breach of contract claim is **DISMISSED without prejudice**.

### F. Unjust Enrichment and Money Had and Received

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)).  "As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract." *Id*.  Unjust enrichment must be plead along with a quasi-contract cause of action, such as alleging that the contract was void or rescinded. *See id*.  A plaintiff may assert alternative theories, even if those theories appear inconsistent. *Klevin v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1388 (2012).  An action for money had and received is based on the existence of a quasi-contract.  *See Pollak v. Staunton*, 210 Cal. 656, 665 (1930).  "An action in quasi-contract . . . does not lie when an enforceable, binding agreement exists defining the rights of the parties." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (citation omitted); *see also Lloyd v. Williams*, 227 Cal.App.2d 646, 649 (1964).

Here, Plaintiff does not allege a quasi-contractual theory.  Plaintiff maintains there is a valid, enforceable contract through the purchase of the annual passes.  Therefore, any amendment to these claims would be futile and Plaintiff's request for recovery under unjust enrichment and money had and received are **DISMISSED with prejudice**.

### IV. CONCLUSION

For the reasons discussed above, SeaWorld's motion to dismiss is **GRANTED**. Plaintiff's claims are dismissed as follows:

1. Plaintiff's CLRA, unjust enrichment, and money had and received claims are **DISMISSED with prejudice;**
2. Plaintiff's UCL and FAL claims based on an omission by SeaWorld, are **DISMISSED without prejudice**;

3. Plaintiff's UCL and FAL claims based on an affirmative misrepresentation by SeaWorld are **DISMISSED without prejudice**;

4. Plaintiff's injunctive relief claim is **DISMISSED without prejudice**;

5. Plaintiff's breach of contract claim is **DISMISSED without prejudice**.

Plaintiff may file an amended complaint by **September 23, 2020**. Failure to do so will result in a final judgment of dismissal. SeaWorld must respond to any amended complaint within the time required by the applicable rules.

It is **SO ORDERED**.

Dated: September 9, 2020

Hon. Cathy Ann Bencivengo
United States District Judge